IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00474-PAB

ICONIC MEDICAL GROUP, LLC,

    Plaintiff,

v.

LONAHTE HOLDINGS, LLC,
RING-NECK ENERGY & FEED, LLC,
ZACHARY STEPHENS,
CHRISTOPHER BENTLEY, and
WALT WENDLAND,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand [Docket No. 41]. Plaintiff is a medical products company formed in March 2020 to respond to the demand for personal protective equipment as a result of the COVID-19 pandemic. *See* Docket No. 46 at 6, ¶ 15. One of the products it intended to produce was hand sanitizer. *Id.* In that pursuit, plaintiff sought to purchase ethanol from defendant Ring-Neck Energy & Food, LLC ("Ring-Neck") through Ring-Neck's selling agent, defendant Lonahte Holdings, LLC ("Lonahte").[1] *See id.* at 3, 6-8 ¶¶ 9, 17-21. Plaintiff alleges that it discovered that Ring-Neck's ethanol was not of the proper grade to produce hand

---

[1] The individual defendants are various executives of Ring-Neck and Lonahte. *Id.* at 2, ¶¶ 4-6.

sanitizer, resulting in the loss of the ethanol purchase price of $1,489,000 and $19,000,000 in orders it could not fulfill.  *Id.* at 3, ¶ 7.

On January 6, 2021, plaintiff filed suit in the District Court for Pitkin County, Colorado.  *See* Docket No. 1-1.  In its amended complaint, plaintiff asserts seventeen causes of action, alleging that defendants made false representations regarding the quality of their ethanol, breached various warranties, committed fraud, and breached several contracts with plaintiff.  *See* Docket No. 46 at 43-61.  On February 18, 2021, Lonahte removed the case from state court.  *See* Docket No. 1.  Lonahte asserted that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff is diverse from defendants, including the various members of the defendant limited liability companies.  *See id.* at 2-3, ¶ 7.

On March 12, 2021, Ring-Neck informed the parties that at least one of its members is a citizen of Colorado.  *See* Docket No. 41 at 1-2, ¶ 2.  Plaintiff subsequently filed a motion to remand on March 19, 2021 arguing that, because Ring-Neck is a citizen of Colorado, the same state as plaintiff's citizenship, diversity jurisdiction does not exist.  *See generally id.*  While Lonahte and defendant Zachary Stephens do not oppose remand, the remaining defendants do.  *See* Docket Nos. 43, 52-54.  Specifically, Ring-Neck has filed a response, which defendant Christopher Bentley and defendant Walt Wendland have joined.  *See* Docket Nos. 52-54.  Ring-Neck argues that, although diversity jurisdiction does not exist, there is a federal issue present in plaintiff's claims such that the Court has federal question jurisdiction.  Docket No. 52 at 8.

A party may remove "any civil action brought in a State court of which the district

2

courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removal must contain a "short and plain statement of the grounds for removal" and must "be filed within 30 days after the receipt by the defendant." 28 U.S.C. §§ 1446(a)-(b). To have original jurisdiction in a diversity case pursuant to 28 U.S.C. § 1332(a), there must be "complete diversity" such that "each plaintiff . . . [is] diverse from each defendant." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011). The so-called forum defendant rule, 28 U.S.C. § 1441(b)(2), prevents removal when one of the defendants is a citizen of the forum state. *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (unpublished) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). A party's citizenship is determined at the time the complaint was filed. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015).

A case in which there is federal question jurisdiction, *see* 28 U.S.C. § 1331, is also removable. *See* 28 U.S.C. § 1441(a). While typically such "jurisdiction is invoked by and large by [a] plaintiff pleading a cause of action created by federal law," a court may also have jurisdiction "over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *See Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Ring-Neck argues that, although diversity jurisdiction does not exist, plaintiff's claims rely on defendant's non-compliance with federal standards sufficient to confer

3

subject matter jurisdiction under *Grable*. *See* Docket No. 52 at 8. The issue, however, is that the only basis for jurisdiction asserted in the notice of removal is diversity. *See generally* Docket No. 1.

Once the thirty day window for removal passes, it is within the district court's discretion whether to permit a defendant to amend the notice of removal. *See Williams v. Bd. of Regents of Univ. of N.M.*, 990 F. Supp. 2d 1121, 1136 (D.N.M. 2014). The Tenth Circuit has further instructed that amendments after the thirty day period should be allowed when the amendment is to correct simple mistakes in the notice's jurisdictional allegations. *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968). There are, however, limits to what information a defendant may amend. "[D]efendants may amend the notice only to set out more specifically the grounds for removal that already have been stated in the original notice." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (4th ed. 2008). Specifically, a defendant may "correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount." *Id.* A defendant may not, however, "add completely new grounds for removal or furnish missing allegations, even if the court rejects the first proffered basis of removal." *Id.*

Here, Lonahte relied only on diversity jurisdiction in its notice of removal. *See* Docket No. 1. And the thirty day window for removal has long since passed. As a result, Ring-Neck may not, through a response to a motion to remand, attempt to add a new basis for the Court's jurisdiction that was not asserted at the time of removal or within the thirty day window for removal.

Ring-Neck argues that *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006), stands for the proposition that, as long as there is "another valid cause for removal," a court should not remand the case. *See* Docket No. 52 at 6. Ring-Neck misreads *Costco*. In *Costco*, the defendant "properly removed the case to district court, relying on federal question jurisdiction." 471 F.3d at 976. After removal, plaintiff amended the complaint to drop the federal claim and add new state claims. *Id.* The Ninth Circuit held that, "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Id.* at 977. Because the complaint in *Costco* plainly demonstrated diversity and the case was properly removed in the first instance, remand was inappropriate. *Id.*

Contrary to Ring-Neck's assertion, *Costco* did not hold that a court may rely on any jurisdictional basis found in the complaint. Rather, as the majority of courts have held, if removal was not proper in the first instance and the thirty day period for removal has passed, a defendant may only rely those grounds for removal asserted in the notice. *See, e.g.*, *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) ("[A]fter thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis."); *Gavin v. AT&T Corp.*, 464 F.3d 634, 641 (7th Cir. 2006) ("[A]s they have never suggested diversity as a basis for jurisdiction, insisting instead on placing all their jurisdictional eggs in the SLUSA basket, there we shall leave them."); *see also Lopez v. Walker Stainless Equip. Co.*, 431 F. Supp. 3d 1253, 1255 (D.N.M. 2020) ("Defendants . . . are not allowed to

5

switch jurisdictional horses midstream." (citations and quotations omitted); *Arancio v. Prudential Ins. Co. of Am.*, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002) ("A notice of removal may not be untimely amended to add a new avenue of jurisdiction." (citation and quotations omitted)). The notice of removal only relied on diversity jurisdiction, and the time for amendment has passed. Accordingly, Ring-Neck may not now assert federal question jurisdiction.

It is undisputed that there is not complete diversity. As a result, without federal question jurisdiction, the Court does not have subject matter jurisdiction.[2] *See* 28 U.S.C. § 1332(a) ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."); *see also Ravenswood*, 651 F.3d at 1223 (requiring "complete diversity" between the parties); *Brazell*, 525 F. App'x at 884 (noting the forum defendant rule).

It is therefore

**ORDERED** that Plaintiff's Motion to Remand [Docket No. 41] is **GRANTED**. It is further

---

[2] Plaintiff also seeks attorney's fees for the filing of the motion to remand. *See* Docket No. 65 at 16. A court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). The removal, however, must have been "objectively unreasonable." *See Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011); *see also Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). No one disputes that, at the time of removal, the parties believed there was diversity. As a result, at the time of removal, there was an objectively reasonable basis for removing the case. Accordingly, plaintiff's request for attorney's fees and costs associated with the motion to remand is denied.

**ORDERED** that this case is **REMANDED** to the District Court for Pitkin County, Colorado, where it was originally filed as Case No. 2021CV30001. It is further

**ORDERED** that this case is closed.

DATED June 30, 2021.

BY THE COURT:

 s/ Phillip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge